### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION
### CASE NO.: 3:07-CV-00471-TBR

JACK HOLT, JR.                                                    PLAINTIFF

v.

JPMORGAN CHASE BANK, N.A.                                         DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's FRCP 59(e) Motion to Alter or Amend this Court's Judgment (Order) of April 13, 2009 (Docket #34). Defendant has filed a response (Docket #35). Plaintiff has filed a reply (Docket #36). This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion to Alter or Amend is DENIED.

### BACKGROUND

Plaintiff Jack Holt, Jr. ("Holt") is a former employee of Defendant JPMorgan Chase Bank, N.A. ("Chase"). Until his termination in February 2006, Holt served as the banking center manager of Chase's Shelby, Kentucky branch. Holt is sixty-three years old.

In August 2007, Holt filed the present action in Kentucky state court alleging that Chase engaged in unlawful age discrimination, created a hostile work environment, and retaliated against him in violation of Kentucky's Civil Rights Act, KRS § 344.010 *et seq.* The action was subsequently removed to federal court on the basis of diversity jurisdiction. Holt does not allege any federal claims.

On February 2, 2004, Holt attended a branch manager meeting, the purpose of which was to introduce Paul Schram, a recent hire, as the new district manager. Each branch manager was asked to introduce himself. Holt alleges that upon indicating how long he had worked at Chase, Schram, along with Jay Wells, a former district manager and then market manager, laughed at him.

Holt alleges that Schram then commented that he was not even born when Holt began working at the bank, while Wells remarked that he was just a baby at the time.  Holt alleges that he felt ridiculed by their remarks.

About a week later, Holt met with Schram and Wells for his annual evaluation.  Unlike his past evaluations, Holt claims that this one was more akin to a cross-examination or interrogation. Wells asked Holt when he intended to retire.  Holt replied that he had no intention of retiring.  Wells then told Holt, "I just don't think you're going to be able to duplicate the performance you had the previous year."  Holt alleges that Wells's inflection in asking the question, plus the timing of the comments in conjunction with the previous week's meeting, contributed to Holt's feeling of workplace hostility towards his age.

A month later, Schram began taking corrective actions against Holt.  Specifically, Holt alleges that Schram increased his oversight of Holt's daily work performance and began to unfairly discipline him.  Holt claims that the discipline was unfair because Schram's warnings did not reflect his true performance.  Holt began cataloguing these events in a personal journal.  Holt describes in his journal feeling continually criticized by Schram.  Holt also complains of being passed over for a transfer he was seeking at another bank branch.  Holt alleges that the  position at the other bank branch was ultimately filled by a woman younger than himself.

In early February 2005, Holt complained of these events to Kerri Phillips Bower, his human resources representative at Chase.  Holt informed Bower that he believed Schram and Wells were discriminating against him on the basis of his age.  Upon investigating Holt's complaint and reviewing the corrective actions taken against him, Bower concluded that the corrective actions were appropriate, not motivated by discrimination, and should remain in place.

2

On February 23, 2005, Holt suffered a heart attack and received short-term disability leave from Chase.  Holt remained on short-term disability for the maximum twenty-six week period.  Beginning on August 24, 2005, Holt sought long-term disability leave.  On December 8, 2005, Chase denied Holt's long-term disability leave request.  Holt appealed the denial.  Throughout this time, Holt did not return to work and Chase did not terminate his employment.

On February 2, 2006, Bower recommended that Holt's employment be terminated.  Her recommendation was based on Holt's failure to return to work and his indication in previous conversations with Bower that he did not intend to return to work.  Holt's employment with Chase was terminated later that month.  Holt alleges that he was replaced by Ms. Gutierrez, who was then thirty-eight years old.

Chase moved for summary judgment.  The Court entered an order granting summary judgment on April 13, 2009.  Holt now moves the Court to alter or amend its order by vacating it and setting it aside.

## STANDARD

Rule 59(e) allows a party to file a motion to reconsider a final order or judgment within ten days of entry.  Fed. R. Civ. P. 59(e); *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002).  A court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice."  *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted).  "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable."  *Id.*  A Rule

59(e) motion to alter does not provide a plaintiff with another opportunity to argue the merits of his case. *Id.*

## DISCUSSION

Holt argues that the Court made a clear error of law when it granted Chase's motion for summary judgment. Holt finds two errors in the Court's Opinion: the first in its evaluation of the evidence of record regarding Holt's claim for discharge and the second error in the Court's evaluation of Holt's claim of hostile work environment. Chase responds that no errors of law were committed as the Court's judgment is consistent with relevant Sixth Circuit authority.

### I. Claim for Discharge

Holt argues the Court committed a manifest error of law in its evaluation of the evidence of record regarding Holt's claim for discharge. Holt asserts he has provided sufficient evidence to overcome Chase's proffered legitimate nondiscriminatory reason for terminating his employment, but claims that the Court "disregarded Plaintiff's evidence by characterizing it as something less than evidence." Holt states that "[w]hen the Court specifically described the evidence, . . . it characterized it as 'allegations'". Holt concludes that "[m]ischaracterizing a party's evidence as something less is about as obvious and manifest an error as a Court can make." Therefore, Holt argues, the Court's judgment must be set aside.

Chase states that the Court credited Holt's testimony, even those parts of the testimony which Chase contested. Chase points to the determination of the Court that Holt had established that he was replaced by a younger person as an element of his prima facie case of age discrimination. Chase explains this determination was based solely on Holt's testimony and is evidence of the Court's full consideration of all the evidence. Chase states that the issue is one of the difference between Holt's

testimony as to facts and events on the one hand, and his testimony as to his conclusions and subjective beliefs on the other hand.

After the employer provides a legitimate, nondiscriminatory reason for the termination, the plaintiff must persuade the trier of fact by a preponderance of the evidence that the employer unlawfully discriminated against him or her. *Id.* "In order to prevail, the plaintiff must typically demonstrate that the employer's stated reason for the termination was merely a pretext, masking the discriminatory motive." *Id.* Pretext can be shown by demonstrating that "the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Johnson v. Kroger Co.*, 319 F.3d 858, 866 (6th Cir. 2003) (quoting *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000)). "In order to prove pretext, therefore, the plaintiff must introduce admissible evidence to show that the proffered reason was not the true reason for the employment decision and that discriminatory animus was the true motivation driving the employer's determination." *Grace v. USCAR*, 521 F.3d 655, 677-78 (6th Cir. 2008) (internal citations and emphasis omitted).

The Court, in deciding whether the plaintiff has met his burden of establishing that the legitimate, nondiscriminatory reason for the termination was pretextual, must rely on substantive facts rather than assertions of the plaintiff. *See Malloy v. Potter*, 266 Fed. App'x 424, 2008 WL 482277, at *2 (6th Cir. 2008) (finding that plaintiff's assertions alone insufficient to establish pretext of discrimination); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992). The Sixth Circuit explicitly stated, "[m]ere personal beliefs, conjecture and speculation are insufficient to support an inference of age discrimination." *Chappell v. GTE Products Corp.*, 803 F.2d 261, 267 (6th Cir. 1986). Additionally, statements that are isolated and ambiguous are too abstract to support a finding

of age discrimination. *Phelps v. Yale Sec., Inc.*, 986 F.2d 1020, 1025 (6th Cir. 1993).

Holt presented his journal entries, an e-mail sent by Schram, and Holt's deposition testimony as evidence in support of his discharge claim. The Court, even when taking the facts in the light most favorable to Holt, must only rely on substantive evidence and not the subjective beliefs, or assertions, regarding what motivated Chase's actions at issue. Holt, in the deposition pages attached to this motion to amend, states he was "ridiculed by both Paul Schram and Jay Wells" at the branch managers meeting because of his age. He also states he was ridiculed during his evaluation meeting. However, Holt was only able to speculate that the motive behind the tone at his evaluation was "an ultimatum . . . why don't you just go ahead and retire right now and save us all a bunch of time." This is not the type of statement the Court may rely on in determining if the plaintiff has met his burden of proof to survive summary judgment. While the statements that Holt felt ridiculed by Schram and Wells at the branch manager meeting and his evaluation are testimony of Holt's subjective feelings, these statements do not provide evidence of discriminatory motive.

It is clear from the Court's Memorandum Opinion that it considered all the evidence presented by Holt, but found that some of the evidence as to the motivation behind certain actions to be mere conjecture or speculation not supported by substantive evidence. The Court stated in its Memorandum Opinion that the journal entries document the comments made by Schram and Wells at the branch meeting and at Holt's annual evaluation. The Court goes on to state the these statements are not supported by substantive evidence, affidavits or other factual information. These statements are insufficient evidence to survive a motion for summary judgment. This determination is consistent with Sixth Circuit authority. Therefore, the Court finds no clear error of law in the Courts previous evaluation of the evidence presented regarding Holt's discharge claim.

6

## II. Hostile Work Environment

Holt argues that the Court was in error by requiring the plaintiff prove that most or all of the incidents of which he complains include self-contained evidence of discrimination. Holt asserts all the plaintiff need prove is that the environment of which he complains is a product of the bias of those who create it. Holt explains that the Court has agreed that the environment was hostile but that the Court found the evidence of age bias was insufficient, as the Court found in regard to the discharge claim. Holt refutes this, contending the evidence of age bias was sufficient to maintain an action for hostile work environment and the Court's dismissal of the claim was manifest error of law.

To establish a hostile work environment claim, a plaintiff must show that his work environment was both objectively and subjectively hostile. *Slayton v. Ohio Dept. of Youth Servs.*, 206 F.3d 669, 678 (6th Cir. 2000). An objectively hostile work environment exists where a "reasonable person in the plaintiff's position, considering all the circumstances" would find the environment hostile. *Id.* (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998) (internal citations omitted)). Courts look to the following factors to determine whether an objectively hostile work environment exists: the frequency of the discriminatory conduct; its severity; whether it is physically threatening, humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. *Id.* at 678-79 (citing *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 789-90 (6th Cir. 2000)).

The Court recognizes there is no question Holt subjectively believed his work environment at Chase was hostile. The issue is whether it was objectively a hostile work environment. Again, the same evidence was presented by Holt. The specific instances of discriminatory conduct alleged

by Holt include: comments made by Schram and Wells during a branch meeting, comments made by Wells during Holt's annual evaluation, and an e-mail sent by Schram mocking another employee's age. Even when taken as true, these instances do not amount to a pervasive course of discriminatory conduct. *See Johnson v. Rumsfeld*, 238 Fed. App'x 105, 108 (6th Cir. 2007) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)) ("'Simple teasing,' offhand comments, and isolated incidents (unless extremely serious)' do not amount to a hostile work environment."); *Clark v. United Parcel Serv., Inc.*, 400 F.3d 341, 351 (6th Cir. 2005) (three alleged instances of discrimination insufficient to rise to level of pervasive discriminatory conduct). The Supreme Court has held "'simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount" to a hostile work environment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal citations omitted).

The Court in its Memorandum Opinion considered all the evidence presented by Holt, but found that the evidence did not establish conduct which was "continuous and concerted" as required under Kentucky law. *Ammerman v. Board of Education of Nicholas County*, 30 S.W.3d 793, 798 (Ky. 2000) (quoting *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 560 (6th Cir. 1999); *Carrero v. New York City Hous. Auth.*, 890 F.2d 569, 577 (2d Cir. 1989)). The evidence is insufficient to survive a motion for summary judgment. This determination is consistent with Sixth Circuit authority. Therefore, the Court finds no clear error of law.

### III. Retaliation

Holt raised a third claim, retaliation, in his Complaint. This claim was also dismissed by the Court when it granted summary judgment in favor of Chase. Holt has not raised this issue in its motion to amend; therefore the Court is without jurisdiction to vacate its final judgment on the claim

8

and there is finality on that issue.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Alter or Amend is DENIED.